United States District Court
Southern District of Texas
**ENTERED**
April 10, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING (REG. #20446-009), | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3295 |
| | § | |
| STEVE MORA, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION
## AND ORDER IMPOSING SANCTIONS

Pending before the Court is petitioner's *pro se* amended section 2241 habeas petition (Docket Entry No. 7). At the time the lawsuit was filed, petitioner was incarcerated in Bryan, Texas, and this Court properly acquired jurisdiction. Although petitioner is now incarcerated in West Virginia, jurisdiction remains with this Court. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

The arguments raised by petitioner in this petition are frivolous, groundless, improperly brought, and/or repetitive, and constitute an abuse of the judicial process. Moreover, at the time petitioner filed this petition, her section 2241 petition seeking the same or similar relief was pending in the Northern District of Texas. Petitioner's simultaneous pursuit of the same meritless claims in two section 2241 proceedings in two different federal districts is a flagrant abuse of judicial resources and will not be condoned.

Moreover, during the pendency of the current proceeding, petitioner filed yet another motion, raising one of the claims pending herein. On March 1, 2018, petitioner filed a Rule 60(b) motion, raising the *Ake/McWilliams* claim pending in the instant section 2241 petition. The motion was docketed in this case, and was dismissed as seeking duplicative relief. (Docket Entries No. 13, 16.) Petitioner's multiple proceedings, and her propensity for filing frivolous lawsuits and claims, burden already limited judicial resources. *See*, *e.g.*, *Fleming v. Lt. Riehm*, C.A. No. 16-cv-3116 (D. Minn. Dec. 9, 2016) ("Since being incarcerated, Fleming has devoted a good part of her time to filing frivolous lawsuits.").

Petitioner has been advised by courts in other federal jurisdictions that she cannot use section 2241 to raise the types of claims raised here. *See*, *e.g.*, *Fleming v. Warden of FCI Tallahassee*, 631 F. App'x 840 (11th Cir. 2015); *Fleming v. Upton*, 2018 WL 488724 (N.D. Tex. Jan. 19, 2018); *Fleming v. Warden of FCI Tallahassee*, 2015 WL 1310050 (N.D. Fla. Mar. 24, 2015). Despite these prior or contemporaneous rulings, petitioner persists in filing and pursuing meritless section 2241 petitions, as evinced by her current petition.

The petition will be dismissed and monetary sanctions imposed against petitioner for the reasons that follow.

### *Claims and Analysis*

Petitioner's petition is an improper amalgamation of various claims challenging her conditions of confinement and her underlying conviction. She further seeks mandamus

relief to convene federal grand jury proceedings against a AUSA involved in her 2007-2009 criminal prosecution. These claims cannot be raised in context of section 2241, and additionally are rehashes or reformulations of arguments raised and rejected in petitioner's numerous prior proceedings. Petitioner's claims are as follow.

### *Ex Post Facto/Substantive Due Process Violation*

Petitioner alleges in her first claim that her sentence is being unlawfully executed because there are one or more male transgender prisoners at her facility in Bryan, Texas. However, petitioner is no longer housed at the Bryan, Texas facility. Consequently, this issue has become moot.

Regardless, petitioner's complaints regarding her conditions of confinement do not give rise to a cognizable federal habeas claim. Generally, section 1983 or similar civil lawsuits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). The Fifth Circuit Court of Appeals has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If a favorable determination would not automatically entitle the prisoner to immediate or accelerated release, the proper vehicle is a section 1983 lawsuit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Petitioner's complaints regarding male transgender prisoners challenge

3

her conditions of confinement, not the basis of her confinement. Accordingly, no cognizable federal habeas claim is raised.

Petitioner's first claim is DISMISSED AS MOOT. In the alternative, the claim is DISMISSED for want of jurisdiction and/or failure to raise a viable federal habeas claim.

### *Denial of Mental Health Expert*

In her second claim, petitioner complains that the trial court denied her access to an appropriate mental health expert for purposes of trial, in violation of *Ake v. Oklahoma*, 470 U.S. 68 (1985), and *McWilliams v. Dunn*, ___ U.S. ____, 137 S. Ct. 1790 (2017).

A section 2241 habeas proceeding is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 F. App'x 458 (5th Cir. 2013). In contrast, a section 2255 motion provides the primary means of collateral attacking a federal sentence. *Pack*, 218 F.3d at 451. A section 2241 petition that seeks to challenge the validity of a federal conviction or sentence must either be dismissed or construed as a section 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Because petitioner's complaints relate to the merits of her conviction, not to the interpretation or carrying out of her sentence by the Bureau of Prisons, petitioner must challenge her sentence through a section 2255 action. Because she has filed at least one prior section 2255 motion that was denied on the merits, petitioner cannot prosecute this

section 2241 motion unless she qualifies for relief pursuant to the "savings clause" in 28 U.S.C. § 2255(e). Petitioner may bring her claim pursuant to section 2241 by showing that section 2255 is inadequate to challenge the legality of her conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause of section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Petitioner must satisfy a stringent two-prong test before she may invoke the savings clause of section 2255(e) to proceed on this claim. The savings clause applies to a claim (i) that is based upon a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Under such circumstances, it can be fairly said that the remedy by a successive section 2255 motion is inadequate.

Petitioner fails to satisfy this test. Her claim does not demonstrate that she was convicted of a nonexistent offense as required by the actual innocence prong of *Reyes-Requena*. Nor is her claim based on a retroactively applicable Supreme Court decision that was foreclosed at the time of trial. Petitioner may not pursue this claim under

5

section 2241. Moreover, *McWilliams* did not establish new Supreme Court law; to the contrary, it applied and enforced *Ake*, which was decided long before petitioner's trial. Although petitioner states she should be allowed to pursue this claim in a section 2255 proceeding, the instant motion was brought under section 2241, not section 2255.

Petitioner's second habeas claim is DISMISSED FOR WANT OF JURISDICTION.

### *Denial of Impartial Jury/Sixth Amendment Violation*

Petitioner next argues in her third claim that she is entitled to a hearing under *Pena-Rodriguez v. Colorado*, ___ U.S. ____, 137 S. Ct. 855 (2017), which holds that:

> For the reasons explained above, the Court now holds that where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee.

*Id*. at 869. In support, petitioner submits a 2012 affidavit from a prison security guard that makes no mention of any juror who clearly indicated that he or she relied on racial stereotypes or animus to convict petitioner.

Regardless, petitioner's complaint relates to the merits of her conviction, not to the interpretation or carrying out of her sentence by the Bureau of Prisons, and she must challenge her conviction or sentence through a section 2255 action. Petitioner again fails to meet the requirements of 28 U.S.C. § 2255(e), and she may not pursue this claim here under section 2241. *Reyes-Requena*, 243 F.3d at 904.

Petitioner's third habeas claim is DISMISSED FOR WANT OF JURISDICTION.

*Denial of Counsel of Choice*

In her fourth claim, petitioner complains that she was denied counsel of her choice under *Luis v. United States*, ___ U.S. ____, 136 S. Ct. 1083 (2016). Petitioner has raised this claim multiple times in this Court, in the Northern District of Texas, and in the Fifth Circuit Court of Appeals. *See Fleming v. Upton*, 2018 WL 488724 (N.D. Tex. Jan. 19, 2018), and the case histories set out therein. The Fifth Circuit expressly denied petitioner authorization to file a successive section 2255 motion to raise her proposed *Luis* claim. *In re Rhonda Fleming*, No. 16-20490 (5th Cir. Oct. 24, 2016). Although the judicial rejection of petitioner's claim has been unanimous, she raises it here yet again.

Petitioner's complaint relates to the merits of her conviction, not to the interpretation or carrying out of her sentence by the Bureau of Prisons, and petitioner must challenge her sentence through section 2255. Petitioner again fails to meet the requirements of 28 U.S.C. § 2255(e), and she may not pursue this claim under section 2241. *Reyes-Requena*, 243 F.3d at 904. The Fifth Circuit denied petitioner leave to pursue this claim in 2016, and her insistence in re-urging it here is a clear abuse of the judicial process.

Petitioner's fourth habeas claim is DISMISSED FOR WANT OF JURISDICTION.

*Factual Innocence*

Petitioner asserts "factual innocence" in the fifth claim for relief. Her short reference to a "merger issue" attacks the validity of her underlying criminal conviction,

7

and must be pursued through a section 2255 action unless she qualifies for relief under the savings clause in section 2255(e). Because she makes no attempt to qualify under the savings clause, she cannot pursue the claim in this proceeding.

Regardless, her claim of factual innocence is based primarily on governmental agency materials she requested and obtained years after her conviction, and on the "memory loss" of an AUSA involved in her criminal prosecution. These arguments have been raised and rejected in multiple prior proceedings. *See Fleming v. Upton*, 2018 WL 488724 (N.D. Tex. Jan. 19, 2018), and the case histories set out therein; *see also United States v. Fleming*, 2014 WL 12557990 (S.D. Tex. June 5, 2014). Moreover, the Fifth Circuit Court of Appeals expressly denied petitioner leave to pursue these and related claims in a successive section 2255 motion. *In re Rhonda Fleming*, No. 14-20530 (5th Cir. Dec. 18, 2014). Additionally, petitioner filed a section 2241 petition in the Northern District of Florida raising this claim, and unsuccessfully appealed the adverse ruling in that proceeding to the Eleventh Circuit Court of Appeals. *Fleming v. Warden of FCI Tallahassee*, No. 15-11471 (11th Cir. Nov. 18, 2015). Petitioner's insistence on again raising these meritless complaints regarding the evidence and the "memory loss" of the AUSA is a clear abuse of the judicial process.

Petitioner's fifth habeas claim is DISMISSED FOR WANT OF JURISDICTION.

***Mandamus Relief as to AUSA***

In her sixth claim, petitioner asserts entitlement to a writ of mandamus against the United States Attorney for the Southern District of Texas to compel the presentment of

8

information regarding criminal acts to a federal grand jury. Specifically, she claims she is entitled to have this Court force the government to present evidence to the grand jury of the alleged perjury and prosecutorial misconduct of an AUSA.

This claim does not raise a cognizable ground for federal habeas relief under section 2241 and must be dismissed. To the extent the request for mandamus relief is independent of the request for habeas relief, petitioner fails to establish entitlement to mandamus relief and the request is DENIED. Moreover, petitioner has unsuccessfully raised these allegations of prosecutorial misconduct in multiple prior proceedings, and no new grounds for relief or evidence are presented here for purposes of meeting the requirements of the savings clause. *See*, *e.g.*, *United States v. Fleming*, No. 14-20476 (5th Cir. 2015). Further, petitioner's efforts to bring federal disciplinary proceedings against the AUSA based on "memory loss" and alleged prosecutorial misconduct have been soundly rejected. *In re Disciplinary Proceedings*, C.A. No. 14-mc-1224 (S.D. Tex. June 30, 2014) (sealed). Petitioner's efforts to yet again bring her frivolous complaint before this Court is a clear abuse of the judicial process.

Petitioner's sixth habeas claim is DISMISSED FOR WANT OF JURISDICTION.

### *Imposition of Monetary Sanctions Against Petitioner*

Both the Fifth Circuit Court of Appeals and this Court have warned petitioner that her continued filing of frivolous, repetitive, or abusive filings would invite imposition of sanctions against her. As stated by the Fifth Circuit:

Fleming is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (noting federal courts' inherent power to sanction litigants for frivolous filings).

*United States v. Fleming*, App. No. 16-20732 (5th Cir. Aug. 8, 2017).

As stated by this Court:

In this proceeding, Defendant requests habeas relief on arguments that have been previously presented to, and rejected by, this Court and the Fifth Circuit Court of Appeals. *See In re: Rhonda Fleming*, Case No. 14-20189 (5th Cir. May 14, 2014) (denying petition for writ of mandamus); *United States v. Fleming*, Case No. 14-20246 (5th Cir. Sept. 4, 2015) (denying COA regarding section 2255 motion); *United States v. Fleming*, Case No. 14-20474 (5th Cir. Nov. 12, 2015) (denying COA regarding Rule 60(b) motion); *United States v. Fleming*, Case No. 14-20476 (5th Cir. July 6, 2015) (dismissing petition for writ of mandamus); *In re: Rhonda Fleming*, Case No. 14-20530 (5th Cir. Dec. 18, 2014) (denying authorization to file successive section 2255 motion); *In re: Rhonda Fleming*, Case No. 15-20368 (5th Cir. Dec. 16, 2015) (denying petition for writ of mandamus); *In re: Rhonda Fleming*, Case No. 16-20490 (5th Cir. Oct. 24, 2016) (denying authorization to file successive section 2255 motion). Moreover, Defendant has two post-conviction proceedings pending with the Fifth Circuit involving issues raised in the instant proceeding. *See United States v. Fleming*, Case No. 16-20732 (5th Cir., filed Nov. 3, 2016); *In re: Rhonda Fleming*, Case. No. 17-20283 (5th Cir., filed April 21, 2017) (seeking authorization to file successive section 2255 motion).

These Fifth Circuit proceedings represent numerous post-conviction motions filed by Defendant in this Court, the overwhelming majority of which raise the same or similar issues as raised in the instant Rule 60(b) motion. Defendant's filing of repetitive claims and arguments, raising repetitive claims and arguments under guise of "new" grounds, and continuing to advance claims and arguments already rejected by the courts, constitutes malicious abuse of the judicial system that will not be allowed to continue unabated. *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

> <u>Accordingly, Defendant is warned that her persistent abuse of the judicial system by raising arguments or claims that have been raised and addressed in her prior motions or proceedings before this Court or in proceedings before the Fifth Circuit Court of Appeals will result in this Court's imposition of sanctions against her, including, but not limited to, monetary penalties and limitations on her ability to file further lawsuits, motions, or pleadings. Moreover, Defendant's continued conduct in pursuing frivolous or repetitive filings regarding the same subject matter will subject her to additional and progressively more severe sanctions</u>.

*United States v. Fleming*, C.A. No. 07-cr-0513 (S.D. Tex. June 21, 2017). Due to petitioner's subsequent repetitive and abusive actions in her criminal case, this Court found it necessary to reissue the sanctions warning on August 10, 2017.

Petitioner's arguments and claims in the instant motion are frivolous, repetitive, and/or abusive. The pursuit of these claims is especially egregious in that the Northern District of Texas rejected most of these section 2241 claims in a written opinion issued January 19, 2018; petitioner nevertheless continues to pursue the claims in the current proceeding. Indeed, at the time she filed the instant section 2241 motion, petitioner's section 2241 motion raising substantially the same claims was pending in the Northern District of Texas. Moreover, during pendency of the current proceedings, petitioner filed a separate Rule 60(b) motion seeking relief under her *Ake* claim pending in this proceeding. Petitioner's filing of multiple motions raising the same claims, or permutations of the same claims that could have been raised in existing or prior proceedings, is a clear abuse of the judicial process.

Petitioner has been afforded ample and unequivocal warning that her continued filing of frivolous, repetitive, or abusive filings with the courts would invite sanctions.

The Court finds that petitioner has failed to heed those warnings and that her filing of frivolous, repetitive, and/or abusive pleadings and claims has continued unabated. Imposition of monetary sanctions is appropriate under these circumstances.

Therefore, the Court concludes that a monetary sanction in the amount of $300.00 is appropriate in this case.

### *Baugh v. Taylor*

The Court prospectively CERTIFIES that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the rulings, findings, and conclusions set forth in this Memorandum Opinion and Order Imposing Sanctions. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on these rulings, findings, and conclusions, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In the event of an appeal, petitioner may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5). *See also Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (per curiam).

*Conclusion*

1. Petitioner's motion for habeas relief under section 2241 is DISMISSED FOR WANT OF JURISDICTION.

2. Petitioner's request for a writ of mandamus is DENIED.

3. Petitioner is SANCTIONED in the amount of $300.00 for her filing of frivolous, repetitive, and/or abusive pleadings and claims. Prison officials are directed to withdraw this amount from the inmate trust fund belonging to Rhonda Fleming (Reg. # 20446-009) and deliver them to the Clerk of Court when funds are available.

4. Petitioner is FURTHER WARNED that she will be subject to additional sanctions, including additional monetary penalties and limitations on her ability to file lawsuits in federal court, if she continues to abuse judicial resources by filing repetitive, frivolous complaints and pleadings.

5. Upon reconsideration, the Court GRANTS petitioner's application to proceed *in forma pauperis* in this section 2241 proceeding (Docket Entry No. 2).

The Clerk of Court shall send a copy of this order to petitioner and to **Inmate Funds Division, FCI Hazelton, 1640 Sky View Drive, Bruceton Mills, WV 26525**.

Signed at Houston, Texas on April 10, 2018.

Gray H. Miller
United States District Judge